# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50363
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PAUL JOSEPH DELLA ROCCO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-237-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Paul Joseph Della Rocco appeals his conviction for possession with intent to distribute 50 grams or more of methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A), on the ground that the district court erred in not granting his motion to suppress evidence. We AFFIRM.

On September 14, 2018, Sergeant Abel Sanchez and Officer Gerald Ornelas of the Ector County Sheriff's Office were involved in a traffic stop of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jenny Hofer in which they seized a large quantity of methamphetamine. Hofer identified Della Rocco as her supplier and stated that he was from El Paso or Arizona. She also identified other traffickers in the area who were familiar to the officers. Based on this information, the officers agreed to release Hofer pending her cooperation with law enforcement.

On October 5, 2018, Hofer informed Sanchez that Della Rocco had contacted her the night before. Della Rocco had agreed to travel to Odessa, Texas, to deliver methamphetamine to Hofer at a restaurant. According to Sanchez, negotiations for this transaction began prior to Hofer's arrest, and Sanchez had nothing to do with the agreement or its terms. Hofer met Sanchez at the Sheriff's Office where Hofer was given a recording device (which did not permit live audio) and was instructed to meet Della Rocco according to their arrangement.

Sanchez followed Hofer to the restaurant. Other officers were conducting surveillance nearby and identified Della Rocco's vehicle with an Arizona license plate in the restaurant's parking lot. Shortly after Hofer entered the restaurant, she contacted Sanchez to alert him that the methamphetamine was inside Della Rocco's vehicle. As Della Rocco left the restaurant and arrived at his vehicle, officers recognized him from the photograph and detained him. A search of his vehicle yielded methamphetamine and drug-trafficking paraphernalia.

Della Rocco moved to suppress the evidence in part on the ground that authorities lacked probable cause to search his vehicle because Hofer was not a reliable source. The district court denied the motion and held that Hofer was reliable in part because Sanchez and Ornelas had previous interactions with Hofer in which she did not provide them with false information. Further, the officers were aware of other individuals Hofer had named who were involved

in trafficking.   Finally, Hofer provided specific information about the drug transaction that authorities were able to corroborate.

Della Rocco's sole issue on appeal is that the district court erred by finding Hofer reliable.   He argues that was unreliable because she uses and deals drugs, had never served as an informant, and had a significant incentive for providing information to the authorities.   When considering a district court's ruling on a motion to suppress, this court reviews the district court's findings of fact for clear error and its conclusions of law *de novo*.   *United States v. Gomez*, 623 F.3d 265, 268 (5th Cir. 2010).   The clearly erroneous standard is especially strong where a denial of a motion to suppress is based on live oral testimony because the district court observed the demeanor of the witnesses. *Id.*   The evidence is viewed in the light most favorable to the prevailing party, here, the Government.   *Id.* at 269.   As long as a factual finding is plausible based on the record as a whole, it is not clearly erroneous.   *See United States v. Raney*, 633 F.3d 385, 389 (5th Cir. 2011).

Hofer's tip provided authorities with reasonable suspicion because it had indicia of reliability — credibility, specificity, corroboration, and recency — under the totality of the circumstances.   *See United States v. Powell*, 732 F.3d 361, 369–70 (5th Cir. 2013).   In *Powell*, the authorities relied on a tip from an individual who concealed his status as a drug dealer.   *Id.* at 370.   Although the court held that the informant had questionable credibility, it nevertheless found the tip sufficiently reliable under the totality of the circumstances because it was "very specific" and "exceedingly fresh" (*i.e.*, recent).   *Id.*

Although Hofer was a drug dealer and thus had less credibility, there is nothing in the record to indicate that she withheld anything from the officers like the informant in *Powell*.   *Id.* at 370.   The officers here testified that Hofer had not previously provided false information to them and that she was able

No. 19-50363

to confirm the identities of other individuals in the drug-trafficking business. Hofer also provided specific information about her impending drug transaction with Della Rocco, which the authorities verified.  Hofer identified Della Rocco in a photograph and identified the restaurant where the transaction would occur.  Furthermore, she previously stated that Della Rocco was possibly from Arizona, and authorities noted that his vehicle had an Arizona license plate. Finally, while not all of the information Hofer provided to the officers was as "fresh" as the information in *Powell* (twenty-one days here contrasted with two hours in *Powell*, 732 F.3d at 371), crucial details were provided on the same day as the transaction, including where and when Hofer would meet Della Rocco.  The district court did not err in finding Hofer reliable under the totality of circumstances.  *See Gomez*, 623 F.3d at 268–69; *Powell*, 732 F.3d 369–71.

AFFIRMED.